GEORGE SPENCE, Plaintiff-Appellee, v. COCKE COUNTY, Defendant-Appellant.—457 S.W.2d 270.

Eastern Section. October 17, 1969.

Certiorari Denied by Supreme Court April 6, 1970.

608

Taylor, Inman, Tilson & Line, Morristown, Myers & Myers, Newport, for defendant-appellant.

John C. Porter, Newport, for plaintiff-appellee.

CARNEY, P. J. (W.S.). This was an inverse condemnation case tried before the Circuit Judge without a jury. Judge Shepherd awarded $1,248 damages to plaintiff and defendant Cocke County has appealed.

Plaintiff George Spencer, age 84, contended that his means of ingress and egress to and from a 10-acre tract of mountain land in Cocke County, Tennessee, lying approximately 1,000 feet east of Interstate Highway 40 was destroyed by the construction of fences along Interstate Highway 40. The defendant-appellant, Cocke County, filed a special plea of the one-year statute of limitations and also contended that the Spence land was not completely isolated by the construction of Interstate 40 since there was an uncontrolled 40-foot strip unfenced along the east side of Interstate 40 which was available for use to the general public and the plaintiff, Spence.

After judgment for plaintiff, defendant-appellant then filed a petition to rehear setting out that the court had not made an express finding relative to the plea of the statute of limitations of one year and had not divested whatever rights of ingress and egress the appellee had out of him and into the State of Tennessee. The proposed judgment which the Trial Judge refused to enter is included in the transcript before this court. The petition to rehear was denied and an appeal was prayed and perfected from the original judgment and the order overruling the petition to rehear.

The appellant, Cocke County, has filed five assignments of error but they, in effect, raise only three questions: (1) that the court erred in not dismissing plaintiff's suit because of the one-year statute of limitations, T.C.A. Section 23-1424; (2) that the court erred in failing to put

down the judgment tendered by the appellant so as to divest out of the appellee, George Spence, and into the State of Tennessee all rights of George Spence for access from his property to the end that the State of Tennessee should henceforth, have an absolute and unconditional right to maintain a fence along said right of way forever barring any right of the appellee and the general public from access to the highway at the point where said right of ingress and egress formerly crossed said highway; and (3) that the Trial Judge erred in awarding the plaintiff any amount because there was a right of way on the east side of Interstate 40 which the plaintiff could use to get to and from his property. No defense is made by Cocke County that it is not liable for the acts of the State of Tennessee in damaging the plaintiff's right of access.

Before the construction of Interstate 40 the Newport-Hartford Road ran generally north and south in the southeast portion of Cocke County. Plaintiff George Spence's 10-acre tract of timber land lay approximately 2,500 feet east of the Hartford Road. Access to the plaintiff's 10-acre tract of land was had by traveling eastward along what is designated in the record as "Old Farm Road" across the lands of Raines and possibly other landowners for a distance of approximately 2,500 feet. Old Farm Road traversed the 10 acres from north to south. Interstate Highway 40 was constructed parallel to and approximately half way between the Newport-Hartford Road and the west margin of the 10-acre Spence tract.

Plaintiff averred in his declaration that the State Highway Department's plans and specifications provided for the construction of an uncontrolled access highway along the east side of Interstate 40 so that all landowners in-

cluding the plaintiff would have adequate means of ingress and egress to and from the lands cut off from the public highway by reason of the construction of Interstate 40; that recently the State Highway Department had decided not to construct the uncontrolled access highway as originally planned and that as a result the plaintiff's access to any public road was completely cut off by the fencing of Interstate Highway 40 and the State's failure to build the uncontrolled access road.

In the defendant's special plea to the declaration the defendant states as follows:

"The defendant is not advised as to the access of the alleged lands of the plaintiffs to the Newport-Hartford Highway across the lands of others. Therefore, the plaintiffs are hereby called upon to present strict proof of any right-of-way they had across other parties from the lands described in the declaration to the Newport-Hartford Highway.

It is denied by the defendant that its construction of Interstate Highway 40 has in any wise isolated the alleged lands of the plaintiffs. In this regard, it is shown to the Court that certain land acquisitions have been made for the construction of the controlled access Interstate Highway through the area in question. However, it is further shown to the Court that a forty foot right-of-way strip was purchased by the defendant outside of the controlled access highway, and that said forty foot right-of-way strip is still in existence and available for use by the general public for means of ingress and egress. Any access to roads that the plaintiffs heretofore had from their alleged property to the Newport-Hartford Highway now lead from the plain-

tiffs' said property to the uncontrolled forty foot right-of-way strip and, therefore, said plaintiffs have the same access out of their alleged property that they had before, across whatever access road they had down the forty foot right-of-way strip obtained by the defendant for use by the géneral public, which forty foot strip leads to a public road. Therefore, it is specifically denied that the plaintiffs' lands cannot be reached by any roadway, public or private, or that it is completely isolated.

It is admitted that the defendant has partially constructed Interstate Highway 40 in the vicinity of the subject property and, in this connection, it is respectfully shown to the Court that the construction already completed has been finished for a sufficient length of time to bar the plaintiffs' action, if any they have, by the appropriate statute of limitations, as aforesaid. * * *''

We copy T.C.A. Sections 23-1423 and 23-1424 as follows:

''23-1423. *Action initiated by owner.*—If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest.''

''23-1424. *Limitation of owners' actions.*—The owners of land shall, in such cases, commence proceedings

within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun; saving, however, to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation, not exceeding three (3) years, and saving to persons under the disabilities of infancy and unsoundness of mind, twelve (12) months after such disability is removed, but not exceeding ten (10) years.''

The proof is uncontradicted that when the State Highway Department erected fences across the Old Farm Road leading eastward from the Newport-Hartford Road to plaintiff's 10-acre tract, that the plaintiff's access to the Newport-Hartford Road was completely cut off. The defendant insists that the plaintiff still had access to a public road because the 40-foot right of way unfenced along the east side of Interstate 40 was accessible to plaintiff's 10-acre tract by the Old Farm Road. In theory it was.

However, a state highway engineer testified that no work had been done on the 40-foot strip to make it into any sort of a road; that no improvements had been made in the strip; that it was rocky, mountainous land and that it was easily walkable by a person; that probably the 40-foot strip could be traveled in a jeep but not in a truck or automobile. The evidence is not clear as to just how many additional miles a person would have to travel along this 40-foot unimproved strip to reach a public road. The defendant, Cocke County, made no effort whatsoever to introduce any plats or plans to show these distances.

Under the preponderance of the proof plaintiff Spence still has legal right of way from a public road to his 10-

acre wooded tract. As a practical matter he will probably be forced to sell either to the Park Service of the U. S. Department of the Interior which is buying land in this area or to one of his neighbors who has or can afford to build a usable access to a public road. Plaintiff is very old, sick, and obviously could not build a usable road to his 10-acre tract.

His Honor the Trial Judge found no difficulty in holding that the plaintiff had sustained damages of loss of access in the amount of $1,248. He did express some question as to the defendant's plea of the statute of limitations of one year because a state highway engineer had testified that the fence along Interstate Highway 40 was placed in this area sometime in December, 1965, and the plaintiff's declaration was not filed until February 22, 1968. His Honor the Trial Judge, however, found comfort in the fact that the defendant's engineer could not say definitely when the fencing was completed on Interstate 40 at the crossing of Old Farm Road. The Trial Judge found the issue of the statute of limitations in favor of the plaintiff. Mr. Clayton, on cross-examination, stated that he could not be positive as to when the fence was completed, ''That fence was put in there piece-meal.'' The evidence does not preponderate against the finding of His Honor the Trial Judge and, therefore, the assignment relating to the statute of limitations is overruled. T.C.A. Section 27-303.

As part of its proof that the fence had been actually erected in December, 1965, the defendant introduced in evidence a certified copy of a judgment of the Circuit Court of Cocke County in the case of John Spence v. Cocke County which was tried on January 12, 1967. In this case the heirs of John Spence, a brother of George

Spence, recovered $12,000 damages in an inverse condemnation case for damages by loss of access to a boundary of land lying adjacent to or near plaintiff George Spence's 10-acre tract. The reasoning of the State was that the heirs of John Spence could not have recovered unless the fence had been completed on I-40 in this area. From the judgment of the Circuit Court in the case of John Spence v. Cocke County we copy as follows:

"The Court further finds that when the State of Tennessee acquired said portion of said premises for said highway right-of-way, representations were made to John Spence that a frontage road would be constructed along and over a portion of said right-of-way which will afford to him a means of ingress and egress from the real estate above described, to a public highway.

The Court finds that the State of Tennessee has elected not to construct said frontage road because of the engineering difficulties involved and the issue thus presented is the amount of damages due to the plaintiffs, the owners of said real estate, because of the election of the State of Tennessee to not construct said frontage road."

■ It is suggested in a colloquy between His Honor the Trial Judge and the attorneys that the reason that State of Tennessee had elected not to construct the uncontrolled access road along the east side of Interstate 40 was that the engineering problems encountered would result in the expenditure of considerably more money than would be necessary to pay the landowners whose access had been impaired or cut off. His Honor the Trial Judge suggested that possibly all of the other owners

had been paid or had brought their suits to judgment. We agree with His Honor the Trial Judge that the plaintiff had been damaged and was morally entitled to damages. The evidence does not preponderate against the Trial Judge's finding of $1,248 damages and his findings and decree in that respect are affirmed.

One assignment of error must be sustained. This Court is of opinion that the appellant, Cocke County, for the use and benefit of the State of Tennessee, was entitled to have a decree divesting all rights of the plaintiff, George Spence, of access to his 10-acre tract by the Old Farm Road across Interstate Highway 40 out of him and vesting the same in the State of Tennessee to the end that the State of Tennessee shall henceforth have the absolute and unconditional right to maintain rights of way fences in accordance with its original plans and specifications barring any right of the plaintiff to cross Interstate Highway 40 at the point where the Old Farm Road formerly crossed that highway. However, the plaintiff still has a legal right of way along the 40-foot unimproved uncontrolled roadway lying east of and parallel to the fenced portion of Interstate 40 even though this right of access is almost valueless. It may be that in some future date the State of Tennessee may elect to build a usable roadway along this 40-foot strip as it originally agreed to do in which event the value of the plaintiff's right of access over said road will be substantially enhanced. This right of access will, of course, inure to any future owners of the 10-acre tract.

A judgment will be entered in this Court modifying the judgment below as above set out and awarding plaintiff a judgment for $1,248 against Cocke County, Ten-

nesee, with interest from date of the judgment below T.C.A. Section 47-14-110. The costs will be taxed to defendant Cocke County, Tennessee.

Matherne and Taylor, JJ., concur.